Wanamaker, J.
Isaac B. Cameron and Cyrus Huling were jointly indicted by the grand jury of Franklin county, Ohio, under favor of Revised *215 Statutes, Section 6841, as in force in the month of May, 1903, for the unlawful conversion of public money belonging to the state of Ohio.
To this indictment the defendants demurred, and were sustained by the court of common pleas. The state thereupon excepted to such ruling and brings •its exceptions to this court for a decision as to the law, under favor of Sections 13681 to 13684, inclusive, General Code.
Upon the filing of such bill of exceptions by the state of Ohio, counsel appointed by the court of common pleas to sustain its judgment upon the demurrer filed a motion to strike said bill of exceptions from the files upon the ground that the supreme court of Ohio is now without jurisdiction in the premises, claiming that, by the adoption of the new constitution, said statutes are by implication repealed.
The sole question, therefore, before this court is whether or not under the new constitution of 1912 the sections of the General Code above referred to, to-wit, 13681 to 13684, inclusive, are still in force, or, upon the contrary, have they been repealed by reason of the fact that they are repugnant to and inconsistent with the new constitution.
The schedule of the constitution of 1912 here applicable reads as follows:
“The several amendments passed and submitted by this convention when adopted at the election shall take effect on the first day of January, 1913, except as otherwise specifically provided by the schedule attached to any of said amendments. All laws then in force, not inconsistent therewith shall continue in force until amended or repealed.”
*216 It is conceded that these statutes in question have not been expressly amended or repealed, but it is claimed that they are impliedly repealed because of inconsistency with the plain provisions of the new constitutional amendment.
It is conceded upon all hands that, under the constitution of 1851', all appellate jurisdiction conferred upon the supreme court had to be conferred by an act of the general assembly of Ohio.
Article IV, Section 2, of the Constitution of 185! reads as follows: “It shall have original jurisdiction in quo warranto, mandamus, habeas corpus and procedendo, and such appellate jurisdiction as may be provided by law.”
It is likewise' admitted on all hands that, under the new constitution, all appellate jurisdiction that the supreme court may exercise is conferred directly by the constitution itself. See Section 2, Article IV, as amended September 3, 1912. Of course, this does not include the revisory jurisdiction of administration boards.
And it must further be conceded that the new constitution confers on the supreme court all and absolute appellate jurisdiction in “cases of felony,” and that the only qualification upon such full and complete appellate jurisdiction under the new constitution “in cases of felony” is in the language “on leave first obtained.”
v Appellate jurisdiction under the new constitution is as comprehensive as any that the legislature might have conferred under the old constitution.
The legislature not having any authority under the new constitution to confer appellate jurisdiction, and it being contended that the statutes in *217 question whose survival is here denied do assume to confer jurisdiction, therefore, it is vigorously-contended that the legislature being without power in this behalf, its acts in this respect become at once null and void by reason of their being inconsistent with and repugnant to the present constitution; and hence that they are effectually repealed by implication.
Questions of this character frequently arose under the constitution of 1851. Judge Thurman, in the old case of Cass v. Dillon, 2 Ohio St., 607, lays down the correct rule for determining what statutes are preserved and what sections fall by reason of changes made in the state constitution. The syllabus of that case, so far as applicable here, is as follows:
“All laws in force when the latter [the new constitution] took effect, and which were not inconsistent with it, would have remained in force without an express provision to that effect; and all inconsistent laws fell simply because they were inconsistent; in other words, all repugnant laws were repealed by implication.
“The rule, that repeals by implication are not favored, is applicable to the inquiry whether any particular enactment has ceased to be in force on account of repugnancy to the new constitution. Ohio, ex rel. Evans, v. Dudley, 1 Ohio St., 437, approved.
“The repugnancy which must cause the law to fall, must be necessary and obvious; if by any fair course of reasoning, the law and the constitution can be reconciled, the law must stand.”
Now it has been determined by this court in a recent case, 87 Ohio St., 313, State of Ohio v. Cox, *218 that the sections in question did “confer appellate jurisdiction upon the supreme court in criminal cases to the extent and for the purposes specified in these sections.” In short, therefore, the court has held in the Cox case, supra, that jurisdiction to determine merely a question of law is proper appellate jurisdiction, though the procedure is largely ex parte, and though the judgment of the supreme court in such cases cannot' in any wise affect the parties below.
Now the sections in question, so far as they assume to confer appellate jurisdiction, confer a power upon this court that is already conferred by the constitution. But does that of itself make those sections inconsistent with or repugnant to the constitution according to the Judge Thurman rule ?
The mere fact that an act of the general assembly covers the identical subject-matter, even in the identical way that the constitution covers it, does not render such an act of the general assembly necessarily inconsistent with or obviously repugnant to the constitution. Upon the contrary, it is absolutely consistent with and conformable to the constitution. It is fairly reconcilable therewith because in phrase and fact it attempts to do the same thing that the constitution has already done.
In short, as a legislative provision, it is a sort of duplicate of the constitutional provision. How two things that are duplicates of each other can be necessarily and obviously repugnant to each other is beyond human reason. While a statutory *219 provision that attempts to do the same thing that a constitutional provision has theretofore done is wholly unnecessary and ineffectual, still it cannot be fairly said, therefore, to be necessarily inconsistent and obviously repugnant to and irreconcilable with the constitution.
If the statute exceeded the power conferred by the constitution, then to the degree of the excess clearly that must fall by reason of repugnance. If, however, the power conferred by the legislature be less than the power conferred by the constitution, so far as the same is conferred it is not unconstitutional, because it is in entire harmony with the constitution. The limitation, however, undertaken by the legislature would in itself fall because there is no such limitation in the constitution.
Now the only limit in the constitution, so far as applicable to this case, is the “leave” or discretion of the supreme court. The majority of the court are clearly persuaded that a wise and sound course requires of this court the continuation of the policy of this state in criminal cases ever since 1867, to review the decisions and judgments of the lower courts for the purpose of determining the questions of law involved. In cases of jeopardy, that is all that could be done. In cases where there has been no jeopardy, that is all that the state may want done.
We are all agreed that the state might have prosecuted an appeal in this case for a reversal of the judgment below, there having been no jeop *220 ardy of the defendants; but, because they might have prosecuted error to the entire judgment, that does not necessarily deprive the state of the right to prosecute error as to a part of the judgment on a mere question of law for the purpose of determining the legal rule applicable to any such case in the future. The matter is wholly in the discretion of this court.
If the entire appellate jurisdiction in cases of felony as conferred by the constitution be represented by the circumference of a circle and the appellate jurisdiction provided for in these statutes be represented by some arc of that circumference, then if the state may apply for a reversal, may invoke the entire appellate jurisdiction represented by the entire circumference, they may also invoké any part of that jurisdiction for the purpose merely of determining the rule of law, if this court see fit to grant the “leave.”
Again, it • is urged that these statutes were enacted to apply to all criminal cases, and it being conceded that the supreme court’s appellate jurisdiction in criminal cases is now limited to felonies, that, therefore, the statutes must fail.
Now crimes in Ohio are divided into felonies and misdemeanors. The distinction is clear and well settled. Because the constitution omits criminal appellate jurisdiction in misdemeanors but expressly saves it as to felonies, that will not of itself cause the statutes to fall so far as cases of felonies are concerned. The two classes of cases are readily separable, and the court will have no difficulty in applying the statutes to felonies, *221 though they are no longer applicable to misdemeanors.
A careful reading and .analysis of these sections in question clearly disclose the fact that in none of these sections is there any express grant of appellate jurisdiction. There are no apt or appropriate words directly or indirectly conferring that appellate jurisdiction.
These sections deal entirely with procedural law, setting forth' how the bill of exceptions shall be prepared in the trial court, the notice to be given to the trial judge, the appointment of an attorney by the trial judge to support the decision below, and the further provision that the whole question as to whether or not the same shall be allowed to be filed with the supreme court rests in the leake or discretion of the court.
The only way that these statutes could in any wise confer appellate jurisdiction would be under the rule of “necessary implication.” For it is quite clear that this procedure could have no force and effect unless the jurisdiction were intended to be conferred upon the supreme court.
In effect, however, what the legislature really did was to put the whole question of whether or not the supreme court would entertain jurisdiction in a case like this up to the supreme court itself. If the supreme court thought wise to entertain the jurisdiction it could do it. If it refused its “leave” it might do so. The discretion of the court was full and final.
What the legislature did under the old constitution in leaving it for the supreme court to say to what extent it would entertain appeals of this *222 character, the people have now done by the provisions of the new constitution.
Now all these steps and rules of procedure indicated by these various statutes are obviously within the right of the legislature to enact under either the old constitution or the new constitution.
It is a matter of common knowledge that, though jurisdiction may be conferred upon a court by either a constitutional or statutory enactment, very frequently additional legislation' is necessary to furnish some procedure in order to make the jurisdiction in anywise available or effective. In the absence of statutory legislation in that behalf, the courts upon whom such jurisdiction has been conferred might, no doubt, provide rules of procedure. And if it were necessaiy in order to preserve the sound and wholesome provisions of these statutes, we would not hesitate to adopt these statutes as rules of procedure in order to invoke the appellate jurisdiction in cases of this character. However, we do not think that is necessary, because, under the tests laid down in the Cass v. Dillon case, supra, every particle of the statutes in question save the misdemeanor portion is wholly consistent and reconcilable with the new constitution, even in respect to appellate jurisdiction, so that either as statutes of procedure, if enacted by the legislature, or rules of practice, when adopted by this court, they are essential and indispensable to the exercise of full and complete appellate jurisdiction in cases of felony. No part of these statutes, so far as they apply to felonies, can be omitted from a systematic and orderly course or code of procedure. Every step in the journey from the *223 trial court to the supreme court must be taken substantially agreeable to these provisions of the statutes in order to get a review of the legal questions.
The final test is: Has the legislature under the new constitution the present right to- enact statutes substantially like the statutes in question as a matter of legal procedure? If the legislature has that right, then clearly the statutes survive under the new constitution for the purpose of furnishing a rule of procedure, though not necessary for the purpose of conferring a jurisdiction that is already conferred.
It is urged, however, that the language of the new constitution, “cases of felony,” is not comprehensive enough to include a proceeding of this character. Manifestly constitutional provisions should be liberally and reasonably construed so as to effect the public purpose. A narrow and restricted interpretation that would cut down or destroy such a public purpose ought not to be encouraged or tolerated by our courts. Originally, of course, this was a “case of felony,” but it is urged that the court having sustained the demurrer and the state having elected to proceed not by petition in error but by motion, the adversary character of the original case has been destroyed, so that what was a case has now ceased to be a case.
No profit can come from reviewing the technical definitions that have been applied again and again to the word “case.” They all amount to a tweedledee and tweedledum distinction at the bottom.
*224 The legislature itself refers to the proceeding as a “case.” This appears from Section 13682, General Code, “if the court allows the bill to be filed, the judge shall appoint some competent attorney to argue the case against the prosecuting attorney or attorney-general,” etc.
We believe that a sound and sensible criminal jurisprudence demands the continuation of the established policy of this state, which has been in force under these statutes or similar ones since the year 1867. It may very often occur that the whole case shall turn upon the view the trial judge takes of the law as to some particular phase of the case. It will not only facilitate the trial of criminal cases generally, but also be a great saving of time during the trial in avoiding the taking of evidence where legal questions turn out to be the real pivot of the case. Nobody is injured thereby; the rights of all parties are abundantly preserved, and justice is very measurably safeguarded and often expedited.
The same question of jurisdiction discussed and determined herein arises in State of Ohio v. Baxter, in respect to which the same decision is rendered.
A motion to strike the bill of exceptions from the files is, therefore, overruled.

Motion overruled.

Nichols, C. J., Johnson, Newman and Wilkin, JJ., concur.